1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    ONELIO CARDONA-HERNANDEZ,

9                                    Petitioner,        CASE NO. 2:20-cv-00623-RSM-BAT

10          v.                                          **REPORT AND**
                                                        **RECOMMENDATION**
11   RON HAYNES,

12                                   Respondent.

13          Petitioner, Onelio Cardona-Hernandez, seeks 28 U.S.C. § 2254 habeas relief from his

14   convictions for one count of Rape in the Second Degree, and two counts of Burglary in the First

15   Degree with Sexual Motivation, in King County Superior Court Cause Number 15-1-02376-1-

16   SEA. *See* Amended Habeas Petition Dkt. 17 at 1-2, and Dkt. 7, State Record, Ex. 1 at 2.

17          Petitioner raises six grounds for relief:

18          (1)     "The trial Court erred when it gave jury instruction 23, which imputed an element

19   of knowingly entered. The trial judge erred, violated the defendant's constitutional rights when it

20   gave the jury the consent instruction, which shifted the burden of proof. Jury Instruction 9."  Dkt.

21   17 at 15.

22
23

REPORT AND RECOMMENDATION - 1

(2)      "The trial Court erred when it gave an impermissible jury instruction, which commented on the evidence thereby prejudicing (Ex 21 pgs's 1197-1204) Mr. Cardona. See jury instruction 5." Dkt. 17 at 19.

(3)      "Speculation and hearsay evidence." *Id.* at 25.

(4)      "Insufficiency of evidence on (count 4, 1st degree burglary with sexual motivation enhancement." *Id.* at 28.

(5)      "Prosecutorial misconduct and abuse of discretion." *Id.* at 31.

(6)      "Review the motion to suppress and the motion to sever."  *Id.* at 37.

On December 4, 2020, respondent filed a response arguing the Court should deny and dismiss the habeas petition. Respondent acknowledges the petition was timely filed but contends claim 3 was presented to the state courts solely as an issue of state law and should thus be dismissed as unexhausted and procedurally defaulted, and the remaining claims should be dismissed because the state courts' rejection of the claims were not contrary to or an unreasonable application of clearly established Supreme Court law or based upon an unreasonable determination of the facts. Petitioner filed a reply to the response on December 30, 2020. Dkt. 22. The matter was noted for February 19, 2021 for the Court's consideration and is therefore ripe for review.

For the reasons below, the Court recommends the habeas petition be **DENIED** and the matte be **DISMISSED** with prejudice. It is also recommended that issuance of a certificate of appealability be **DENIED**.

### EVIDENTIARY HEARING

An evidentiary hearing is precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011). As discussed below, the claims petitioner properly presented to the state courts were adjudicated on

REPORT AND RECOMMENDATION - 2

the merits, and the state courts' rejection of the claims are neither contrary to or an unreasonable

application of clearly established Supreme Court law or based upon an unreasonable

determination of the facts given the record. Under these circumstances, this court is barred from

conducting an evidentiary hearing to further develop the facts on petitioner's claims. *Pinholster*

at 185 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner

must overcome the limitations of § 2254(d)(1) on the record that was before the state court.")[1];

s*ee also Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has

declined to decide whether a district court may ever choose to hold an evidentiary hearing before

it determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once the

district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks

and citation omitted).

In sum, in determining whether relief is available under 28 U.S.C. § 2254(d)(1) or (2), the

Court's review is limited to the record before the state court. An evidentiary hearing is not

required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d).  Here,

the Court concludes petitioner is not entitled to relief and the habeas claims may be resolved by

review of the existing record without further discovery or supplementation of evidence presented

for the first time; accordingly no evidentiary hearing is required because petitioner's allegations

do not entitle him to habeas relief.

---

[1] The *Pinholster* limitation also applies to claims brought under § 2254(d)(2). *See Gulbrandson v. Ryan*, 738 F.3d 976, 993, n. 6 (9th Cir. 2013) ("*Pinholster* and the statutory text make clear that this evidentiary limitation is applicable to § 2254(d)(2) claims as well. *See* § 2254(d)(2) (allowing for habeas relief if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.") (emphasis added); *Pinholster*, 131 S.Ct. at 1400 n. 7 (comparing (d)(1) to (d)(2) and stating that (d)(1) "also is plainly limited to the state-court record.") (emphasis added)).

REPORT AND RECOMMENDATION - 3

# FEDERAL HABEAS STANDARDS

**A.     Habeas Review Standards**

A federal Court may not grant habeas relief unless the state court decision: "(1) was contrary to clearly established federal law as determined by the Supreme Court, (2) involved an unreasonable application of such law, or (3) . . . was based on an unreasonable determination of the facts in light of the record before the state court." *See Fairbank v. Ayers*, 650 F.3d 1243, 1251 (9th Cir. 2011) (as amended); 28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is contrary to clearly established federal law if it contradicts the law set forth by the United States Supreme Court or reaches a result different than that reached by the Supreme Court on materially indistinguishable facts. *See Terry Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A state court's decision is an unreasonable application of clearly established federal law when the state court identifies the correct legal rule but applies it to a new set of facts in a way that is objectively unreasonable. *See id*. at 407. "Clearly established federal law means the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Xiong v. Felker*, 681 F.3d 1067, 1073 (9th Cir. 2012) (citation omitted). A court's determination of clearly established law rests on a Supreme Court holding, not on circuit decisions. *See Wright v. VanPatten*, 552 U.S. 120, 125–26 (2008) (A Supreme Court case must have "squarely address[ed]" a certain issue and given a "clear answer" regarding the applicable legal rule to create "clearly established federal law.).

Turning to habeas relief based upon a claim the state court unreasonably determined the facts, "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004); *see also Miller–El*

*I*, 537 U.S. 322, 340 (2010) ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

Additionally, state-court factual findings are presumed correct. This is a presumption the petitioner must overcome by clear and convincing evidence. *Davis v. Ayala*, 135 S. Ct. 2187, 2199–2200 (2015) (quotation and citation omitted). Consequently, even if reasonable minds reviewing the record might disagree about a state court's factual determination, a federal habeas court cannot supersede the trial court's determination." *Id.* at 2201.

In considering a habeas petition, a federal court reviews the "last reasoned decision" from the state court. Where the final state court decision contains no reasoning, the court looks to the last decision from the state court that provides a reasoned explanation of the issue. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Where no state court decision articulates its underlying reasoning, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. . . ." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). When the state courts fail to provide reasoning for its decisions, a federal court must independently review the record and ascertain whether the state court's decision was objectively unreasonable." *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (citation and internal quotation marks omitted)." "Crucially, this is not a de novo review of the constitutional question. Rather, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citations and internal quotation marks omitted).

Finally, a federal court's review of a habeas claim is limited to the facts before the state court and the petitioner is not entitled to an evidentiary hearing in federal court. *See Cullen v. Pinholster*, 131 S. Ct.1388, 1398 (2011). "An evidentiary hearing may be appropriate after

*Pinholster* only if the district court first determines that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it." *Grecu v. Evans*, No. 07-0780-EMC, 2014 WL 5395783, at *17 (N.D. Cal. Oct. 22, 2014) (unreported).

**B.    Exhaustion Requirement**

Petitioner may obtain federal habeas relief only if he has exhausted state judicial remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion requirement is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[2] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

The exhaustion doctrine requires a petitioner to do two separate things. First, to exhaust a federal habeas claim, a petitioner must properly raise it in each appropriate state court, including the state intermediate court of appeals and the state's highest court. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004).

And second, the exhaustion doctrine requires a petitioner to have fairly presented each federal claim to the state court. *Picard v. Connor*, 404 U.S. at 275. The fair presentation requirement requires a petitioner to fully and fairly present federal claims for relief to the state courts. A petitioner that raises a state claim which is merely similar to a federal claim fails to meet the fair presentation requirement. *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (State claim based on state evidence rule admitting inflammatory and irrelevant testimony did not alert state

---

[2] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

court that petitioner was denied due process in violation of the Fourteenth Amendment).

Additionally, it is not enough that all the facts necessary to support the federal claim were before

the state courts or that a somewhat similar state law claim was made. *Anderson v. Harless,* 459

U.S. 4, 6 (1982) (Argument that jury instructions contravened holding in state case insufficient to

show state court was apprised of federal constitutional violation).

A petitioner's mere mention of the federal Constitution as a whole, without specifying an

applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal

claim. *See Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005) (holding that exhaustion

demands more than a citation to a general constitutional provision, detached from any

articulation of the underlying federal legal theory).

A federal claim is not fairly presented where the petitioner mentions a broad

constitutional concept, such as due process. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th

Cir.1999) (holding that "general appeals to broad constitutional principles, such as due process,

equal protection, and the right to a fair trial, are insufficient to establish exhaustion.").

 "When a petitioner does not label his claim as federal, the mere citation to a state court

case that engages in both a state and federal constitutional analysis does not suffice to exhaust

the federal claim." *Field v. Waddington*, 401 F.3d 1018, 1023 (9th Cir. 2005) citing *Casey v.

Moore*, 386 F.3d 896, 912 n. 13 (9th Cir. 2004) ("For a federal issue to be presented by the

citation of a state decision dealing with both state and federal issues relevant to the claim, the

citation must be accompanied by some clear indication that the case involves federal issues.").

In the Ninth Circuit, a federal court should examine what the petitioner asserted in the

state court and the context in which the assertion was made. The petitioner must explicitly alert

the state court that he or she is making a federal constitutional claim. *Galvan v. Alaska Dept. of*

*Corrections,* 397 F3d 1198, 1205 (9th Cir. 2005) ("If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has to say so. It has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition."). In short, unless a petitioner presented his or her federal habeas claims fully and fairly to the state courts, the federal court is without jurisdiction to consider federal habeas claims for lack of exhaustion. *See* 28 U.S.C. § 2254(b)(1).

## DISCUSSION

**A.    Ground One – Jury Instructions 23 and 9**

In ground one, petitioner challenges two jury instructions. He first contends "the trial Court erred when it gave jury instruction 23, which imputed an element of knowingly entered." Dkt. 17 at 15. Petitioner argues "a jury instruction that omits . . . an essential element of an offense . . . relieves the state of its obligation to prove facts constituting every element of the offense." Dkt. 22 at 4. Instruction 23 sets forth the elements of the crime petitioner was charged with in count 3, residential burglary. Dkt. 7, Exhibit 4, ECF docket page 148. However, the jury did not find petitioner guilty of count 3, residential burglary, and thus any error the trial court might have committed regarding count 3 was harmless.

Petitioner was convicted of first degree burglary but "knowingly entered" is not an element of that crime. State law defines the elements of a state crime and the state courts, not the federal courts, determine the elements of state crimes. *Martin v. Ohio,* 480 U.S. 228, 235 (1987) Here the state court found "knowing entry is not an element of burglary in the first degree." Dkt. 7, Exhibit 13, (ECF page 269). The is a correct statement of state law. *State v. Moreno*, 14 Wash.App2d 143, 155 (Div. I 2020) (Plain language of the first degree burglary statute "does not

1   require a person <u>know</u> their entry or remaining is unlawful.").  Hence petitioner's contention the

2   trial court omitted an essential element fails as a matter of state law. The state court's correct

3   determination is not contrary to or an unreasonable application of clearly established U.S.

4   Supreme Court law and the claim should accordingly be dismissed.

5        In ground one, petitioner also argues "the trial judge erred, violated the defendant's

6   constitutional rights when it gave the jury the consent instruction, which shifted the burden of

7   proof. Jury Instruction 9."  Dkt. 17 at 15. Petitioner argues once a defendant raises a "consent

8   defense" the state has the burden to prove non-consent, and Instruction 9 impermissibly shifted

9   the burden to petitioner. *Id.* at 17. Instruction 9 states: "Consent means that at the time of the act

10  of sexual intercourse there are actual words or conduct indicating freely given agreement to have

11  sexual intercourse."  Dkt. 7, Exhibit 4, ECF docket page 134.

12       Petitioner does not explain how or why instruction 9 impermissibly shifts the burden of

13  on the issue of consent. The jury instruction defines consent but neither states nor implies

14  petitioner had the burden of proof. Hence the state appellate court's finding that instruction 9 "did

15  not place the burden of showing lack of consent on the defendant" is not unreasonable or

16  contrary to clearly establish U.S. Supreme Court law. *Id.* at Exhibit 13, at 268.

17       That no impermissible burden shifting occurred is buttressed by the state appellate court's

18  finding the trial judge also "instructed the jury that the State had the burden to show the victim

19  was incapable of consent."  *Id.* at 269. This finding is consistent with the record which shows the

20  trial judge instructed the jury "the state is the plaintiff and has the burden of proving each

21  element of each crime beyond a reasonable doubt." *Id.* at 127. The trial judge further instructed

22  the jury that to convict defendant of rape in the second degree the element that "the sexual

23  intercourse occurred when [     ] was incapable of consent by reason of being physically helpless"

REPORT AND RECOMMENDATION - 9

must be proved beyond a reasonable doubt. *Id.* at 136. Petitioner's claim regarding the burden on

consent was shifted to him lacks any support in the record and should therefore be dismissed

with prejudice.

**b.    Ground Two – Comment on the Evidence**

Petitioner contends the trial judge gave an instruction that impermissibly "commented on

the evidence thereby prejudicing (Ex 21 pgs's 1197-1204) Mr. Cardona. See jury instruction 5."

Dkt. 17 at 19. Instruction 5 is a limiting instruction which states:

> Certain evidence has been admitted in this case for only a limited
> purpose. This evidence relates to uncharged, alleged victims [    ].
> This evidence may be considered by you only for the purposes of
> knowledge, opportunity, and considering whether the defendant's
> alleged conduct is part of a common scheme or plan for each
> count. You may not consider it for any other purpose. Any
> discussion of the evidence during your deliberations must be
> consistent with this limitation.

Dkt. 7, Exhibit 4 at 130. Petitioner does not explain how or why this instruction is a comment on

the evidence. The state court of appeals found the instruction did not comment on the evidence in

that it did not "assume any facts have been established by the evidence" and "merely limits the

jury's use of some evidence." Dkt. 7, Exhibit 13, ECF page 270. The plain language of the

instruction contains no comment, and thus the state court correctly found it is a limiting

instruction. The Supreme Court has not found such instructions to be unconstitutional. *See e.g.*

*Estelle v. McGuire* 502 U.S. 62, 75 (1991) (Limiting instruction valid as it is parallel to

limitations on use of other acts to show intent, identity, motive or plan). As the record does not

support petitioner's claim that instruction 5 constituted an impermissible comment on the

evidence, the state court's findings are not contrary to or an unreasonable application to clearly

established U.S. Supreme Court law. The claim should accordingly be dismissed.

**C.**     **Ground three** - **Speculation and Hearsay Evidence**.

Petitioner contends the trial judge improperly admitted hearsay statements of K.L. Dkt. 17 at 25. The state court of appeals rejected the claim finding "Cardona-Hernandez does not identify the challenged statement in the record. We are not obligated to search the record in support of his claim." Dkt. 7, Exhibit 13 at 270. In the petition for review to the Washington Supreme Court, petitioner argued review should be accepted because "It is clear that in Ms. [ ]'s deposition that it was a hearsay statement made to which the Appellant did object." In support, petitioner cited to portions of the record, state evidence rule 801(c) and several state cases. Exhibit 9 (petition for review) at ECF page 302.

The record shows petitioner did not clearly articulate in the state courts the claim he now brings in this federal habeas action. In the state court he argued the trial judge erred in admitting hearsay statement of the victim. To the extent the claim challenges a state law evidentiary ruling it fails. A claim the state courts incorrectly interpreted state law is not a cognizable basis for federal habeas relief. Federal courts do not grant habeas relief for errors of state law. *See Estelle v. McGuire*, 502 U.S. at 67-68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). Thus, state court procedural and evidentiary rulings are not subject to federal habeas review unless such rulings "violate[ ] federal law, either by infringing upon a specific constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process." *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995) (cited sources omitted); *see also, Waddington v. Sarausad*, 555 U.S. 179, 192 n. 5 (2009) ("[W]e have repeatedly held that 'it

1   is not the province of a federal habeas court to reexamine state-court determinations on state-law

2   questions.'"").

3       In his amended federal habeas petition, petitioner expands his claim from one in which

4   inadmissible hearsay was admitted to a contention that his federal right to confront and cross-

5   examine K.L. was violated by the admission of her deposition testimony. Dkt. 17 at 27. The

6   expanded claim, however, is not supported by the record. The record does not show petitioner

7   fully and fairly presented a federal confrontation claim to the highest state court. Such a claim is

8   thus unexhausted and defaulted because attempting to bring the claim now in the state courts is

9   barred by the state statute of limitations. Additionally, petitioner challenges the video deposition

10   testimony of K.L. but the record shows K.L. was subject to confrontation and cross-examination.

11   Dkt. 7, Ex. 22 at 1373. The record thus shows petitioner was not denied his right to confront or

12   cross-examine K.L. The Court should accordingly deny the confrontation claim as unexhausted

13   and defaulted, and because it is not supported by the record.

14   **D.    Ground Four: Sufficiency of Evidence on Count 4, First Degree Burglary**

15       Petitioner contends there is insufficient evidence to convict him of first degree burglary

16   with sexual motion. Dkt. 17 at 28. He argues there is no DNA evidence and K.L. identified him

17   from a photo montage but in her video-deposition that was presented to the jury, she could not

18   identify him. He further argues there is insufficient evidence because "he was not armed with a

19   firearm and did not assault anyone." *Id*. at 31.

20       To prevail on this claim, petitioner must show "upon the record evidence adduced at trial

21   no rational trier of fact could have found proof of guilt beyond a reasonable doubt," *Jackson v.*

22   *Virginia*, 443 U.S. 307, 324 (1979), and that "the state court's adjudication [of petitioner's

23   challenge to the sufficiency of the evidence] entailed an unreasonable application of the quoted

REPORT AND RECOMMENDATION - 12

1    *Jackson* standard." *Briceno v. Scribner*, 555 F.3d 1069, 1078 (9th Cir. 2009). "[T]he relevant

2    question is whether, after viewing the evidence in the light most favorable to the prosecution, any

3    rational trier of fact could have found the essential elements of the crime beyond a reasonable

4    doubt." *Id.* at 319.

5        If the record supports conflicting inferences, the Court "must presume – even if it does not

6    affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the

7    prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. A jury's credibility

8    determinations are entitled to "near-total deference under *Jackson*." *Bruce v. Terhune*, 376 F.3d

9    950, 957 (9th Cir. 2004). The Washington State standard for determining sufficiency of evidence

10   to support a conviction is identical to the federal standard. *State v. Joy*, 121 Wash. 2d 333, 338

11   (1993) ("In reviewing the sufficiency of the evidence, the question is whether, after viewing the

12   evidence in the light most favorable to the State, any rational trier of fact could have found the

13   essential elements of the crime beyond a reasonable doubt.").

14       When a state court has determined a sufficiency of the evidence claim, the Ninth Circuit

15   has held the AEDPA requires an additional degree of deference to the state court's decision.

16   Consequently, habeas relief is not warranted unless "the state court's application of the *Jackson*

17   standard [was] 'objectively unreasonable.'" *Juan H. v. Allen*, 408 F.3d 1262, 1274, 1275 n.13 (9th

18   Cir. 2005) (as amended), *cert. denied*, 546 U.S. 1137 (2006).

19       The record supports the state court's determination the evidence was sufficient to support

20   petitioner's conviction was not an unreasonable application of the *Jackson* standard. As discussed

21   below, when viewing the evidence in the light most favorable to the prosecution, a rational trier of

22   fact could have reasonably determined beyond a reasonable doubt that petitioner committed first

23   degree burglary with sexual motivation.

REPORT AND RECOMMENDATION - 13

1.    **The state court's findings**

The state court of appeals made the following findings regarding the sufficiency of the evidence regarding plaintiff's conviction for first degree burglary:

> Cardona-Hernandez contends that the evidence was insufficient to convict him of count 4, first degree burglary with sexual motivation, for his conduct with respect to K.L. We review challenges to the sufficiency of the evidence de novo. [footnote omitted] When reviewing the sufficiency of evidence, we view the evidence in the light most favorable to the State and ask whether any rational finder of fact could have found guilt beyond a reasonable doubt. [footnote omitted] To convict Cardona-Hernandez of burglary in the first degree, the State must prove that he acted with intent to commit a crime against a person or property therein, entered or remained unlawfully in a building and, while in the building or in immediate flight therefrom, he was armed with a deadly weapon or assaulted any person. [court's footnote. RCW 9A.52.020.]
>
> Cardona-Hernandez first contends that the identification by K.L. is insufficient to show he was the person who assaulted her; although she picked him from a montage, she was unable to identify him for certain in the courtroom. The Seattle Police Department had K.L. identify the person who assaulted her out of a montage of six photographs. K.L. picked out Cardona-Hernandez. She later stated that she did not recognize the defendant in the courtroom but believed that was due to the length of time since the incident. Notwithstanding K.L.'s later uncertainty, the trier of fact could reasonably find that K.L.'s initial identification was sufficient to prove that Cardona-Hernandez assaulted K.L. [court's footnote. Cardona-Hernandez also points out that there is no DNA evidence to link him to count 4. But evidence of K.L.'s identification is sufficient to link him to the crime.]
>
> Cardona-Hernandez also contends that he did not assault any person. The court instructed the jury that "[a]n assault is an intentional touching of another person that is harmful or offensive regardless of whether any physical injury is done to the person." Here, K.L. testified that the next thing she remembered after falling asleep was someone spooning her from behind, kissing her neck, and groping her breast. She later identified Cardona-Hernandez as that person. Thus, the record contains sufficient evidence that he assaulted K.L.

Dkt. 7, Exhibit 13 at 271 (footnotes omitted).

2.    **Analysis**

1    Petitioner argues there is insufficient evidence to convict him of count 4 because K.L.

2    "was unable to identify Mr. Cardone," (31), there was no DNA to link him to the crime, and

3    because the state did not prove he committed the crime, it did not prove the sexual motivation

4    enhancement. Dkt. 17 at 31. The evidence presented at trial, however, establishes a rational

5    trier of fact could reasonably find petitioner guilty of count 4. The state presented evidence that

6    K.L. identified petitioner as her assailant in a photo montage and later testified at trial she did

7    not recognize petition due to the length of time that had passed since the incident. The jury

8    weighed the evidence and convicted petitioner based upon K.L.'s testimony.

9    These facts are not in dispute. The facts thus show this is not a case in which the victim

10    of a sexual assault made no identification at any time. K.L. identified petitioner, and her

11    identification obviously led to his arrest, trial and conviction. Thus, petitioner's argument that

12    K.L was unable to identify him as her assailant is not supported by the evidence, and a rational

13    fact finder could reasonably find petitioner guilty based upon K.L.'s identification of petitioner

14    as her assailant. Certainly, petitioner disputes K.L.'s initial identification of him as her assailant

15    is sufficient, but the Court on habeas review must view the evidence in the light most favorable

16    to the prosecution and resolve conflicts in the evidence in favor of the prosecution. Thus, the

17    conflict between K.L.s initial identification of petitioner as her assailant and her later trial

18    testimony must be resolved in favor or the prosecution.

19    Petitioner also argues the evidence is insufficient because he was not armed with

20    weapon and did not assault K.L. But being armed with a weapon is not required to be

21    convicted of the crime and the state court found petitioner's grabbing, groping and kissing

22    constituted assault under Washington law because these acts are an intentional touching of

23    another that is either harmful or offensive. Petitioner's argument that he was not armed or did

not "assault," i.e. beat the victim, is an argument that the crime committed was not as bad as it could have been, and not the crime committed is not supported by sufficient evidence.

The Court thus concludes the state court's determination that the evidence was sufficient to support the jury's finding that petitioner committed burglary in the first degree and that the finding is not contrary to or an unreasonable application of the *Jackson v. Virginia* standard; Ground four for relief should therefore be dismissed.

**E.    Prosecutorial Misconduct and Abuse of Discretion**

Federal habeas review of prosecutorial misconduct claims is limited to the narrow issue of whether the alleged misconduct violated due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974); *Thompson v. Borg*, 74 F.3d 1571, 1576 (9th Cir. 1996), cert. denied, 519 U.S. 889, (1996). "It 'is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Allen v. Woodford*, 395 F.3d 979, 997 (9th Cir. 2004) (as amended) (internal quotations and citations omitted), *cert. denied*, 546 U.S. 858 (2005). Misconduct is reviewed in light of the entire trial record, and habeas relief may be granted only if the misconduct by itself infected the trial with unfairness. *See Donnelly*, 416 U.S. at 639-43; *see also Darden v. Wainwright*, 477 U.S. 168, 183 (1986); *Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2011) ("under *Darden*, the first issue is whether the prosecutor's remarks were improper and, if so, whether they infected the trial with unfairness"), *cert. denied*, 546 U.S. 1110, (2006). The same standard applies to a habeas claim based on prosecutorial misconduct arising from improper argument. *See Greer v. Miller*, 483 U.S. 756, 765-66 (1987); *Darden*, 477 U.S. at 181-83.

Petitioner contends habeas relief should be granted because the prosecutor made improper arguments in closing arguments and the trial judge failed to give a limiting instruction despite

defense counsel's objection. Dkt. 17 at 31. In closing, the prosecutor made the following

argument:

> With respect to [K.L.] and [C.R.], I suspect the primary issue will
> be identity. Was it the defendant who came into [C.R.]'s house?
> Was it the defendant who was spooning [K.L.] and kissing her
> neck? I suggest to you that even if all you had was the testimony of
> [S.M.] and [C.R.] and [K.L.], the DNA results, and the montage
> picks of [C.R.] and [K.L.], that would be more than sufficient
> evidence for you to find the defendant guilty as charged in counts
> three and four.

Dkt.7, Exhibit 13 at ECF page 272. The state court of appeals found defense counsel objected to

the argument, the trial judge overruled the argument and "reminded the jurors 'that the lawyer's

arguments are not themselves evidence and that the law is defined by the court in its instruction to

the jury.'" *Id.* at 273. The state court of appeals found Petitioner "cannot show prejudice. The Court

followed this sole incident of claimed misconduct with a curative comment. There is not a

substantial likelihood that the comment affected the jury's verdict." *Id.*

Petitioner contends habeas relief should be granted because the prosecutor gave a personal

opinion about witness credibility, Dkt. 17 at 34, and was not "arguing an inference from the

evidence, *id.* at 37. Petitioner concludes the closing argument thus "resulted in prejudice that had a

substantial likelihood of affecting the jury's verdict." *Id.* at 36.

The Court cannot say the state court of appeals' finding is unreasonable in view of the

record. Petitioner fails to explain how or why the prosecutor's statement prejudiced him and

denied him a fair trial. Moreover, the prosecutor did not state he was personally vouching for the

witnesses or that in his opinion they were credible. Rather the prosecutor stated ("I suggest") the

testimony of witnesses and DNA evidence was sufficient to convict Petitioner. Hence. this is not

a case in which the prosecutor's statement invoked the esteem or authority of his office to

intimate to the jury that it should rely upon his views over its own assessment of the evidence.

REPORT AND RECOMMENDATION - 17

1   The trial judge also instructed the jury that the argument of counsel is not evidence immediately

2   after the prosecutor made the statement. In sum the claim should be dismissed because Petitioner

3   fails to establish the state court's decision is contrary to Supreme Court law or based upon an

4   unreasonable determination of the facts based on the record.

5   **F.      Review the Motion to Suppress and the Motion to Sever.**

6          Petitioner contends the trial judge erred by failing to grant his motion to suppress and to

7   sever. Dkt. 17 at 37. "[W]here the State has provided an opportunity for full and fair litigation of

8   a Fourth Amendment claim," a prisoner "may not be granted federal habeas corpus relief on the

9   ground that evidence obtained in an unconstitutional search or seizure was introduced at his

10  trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Gordon v. Duran*, 895 F.2d 610, 613

11  (9th Cir. 1990) (all that is required is "the initial opportunity for a fair hearing," regardless of

12  whether a defendant "did in fact litigate [his or her] Fourth Amendment claim"). And where such

13  an opportunity exists, the federal habeas court's inquiry "into the trial court's subsequent course

14  of action" is foreclosed. *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). Washington law

15  provides for an evidentiary hearing to be conducted, if the trial court determines that one is

16  necessary based on a motion to suppress physical, oral or identification evidence. CrR 3.6. Here,

17  Petitioner's argues the trial judge erred in denying a motion to suppress. The trial judge's denial

18  of the motion shows Petitioner was granted the chance to litigate his suppression motion; his

19  Fourth Amendment claims is thus not cognizable and should be dismissed.

20          Petitioner also argues the trial judge abused his discretion in denying a motion to sever.

21  Dkt. 17 at 37. Petitioner provides no explanation why this is so. To the extent Petitioner suggests

22  the trial judge made an erroneous ruling under state law the suggestion fails. A claim the state

23  courts incorrectly interpreted state law is not a cognizable basis for federal habeas relief. Federal

1  courts do not grant habeas relief for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-

2  68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a

3  conviction violated the Constitution, laws, or treaties of the United States"). Thus, state court

4  procedural and evidentiary rulings are not subject to federal habeas review unless such rulings

5  "violate [ ] federal law, either by infringing upon a specific constitutional or statutory provision

6  or by depriving the defendant of the fundamentally fair trial guaranteed by due process." *Walters*

7  *v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995) (cited sources omitted); *see also, Waddington v.*

8  *Sarausad*, 555 U.S. 179, 192 n. 5 (2009) ("[W]e have repeatedly held that 'it is not the province

9  of a federal habeas court to reexamine state-court determinations on state-law questions.'").

10      To the extent Petitioner contends the denial of severance violated his right to a fair trial,

11  the contention also fails. The Supreme Court has stated "[i]mproper joinder does not, in itself,

12  violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation

13  only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair

14  trial." *United States v. Lane*, 474 U.S. 438, 446 n. 8 (1986).

15      The Ninth Circuit has found the statement in *Lane* to be dicta, because the decision

16  concerned joinder under the Federal Rules of Criminal Procedure and no constitutional issue was

17  before the Supreme Court. *Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010). Despite this,

18  several Ninth Circuit decisions have concluded misjoinder can be grounds for habeas relief if it

19  renders the defendant's trial fundamentally unfair. *See Davis v. Woodford*, 384 F.3d 628, 638

20  (9th Cir. 2004); *Sandoval v. Calderon*, 241 F.3d 765, 771–72 (9th Cir. 2001), cert. denied, 534

21  U.S. 847 (2001) and cert. denied 534 U.S. 943 (2001); *Bean v. Calderon*, 163 F.3d 1073, 1086

22  (9th Cir. 1998). Just last year, the Ninth Circuit suggested misjoinder causing an unfair trial still

23  has viability. *See Cook v. Kernan*, 948 F.3d 952, 974, n.1 (9th Cir. 2020) ("Even if we were to

consider the question of prejudice through the lens of an improper joinder claim, the California

Supreme Court reasonably found on direct appeal that the trial court's joinder of the charges was

proper...) (Callahan, concurring).

To the extent such a claim does exist, this Court may grant habeas relief on a joinder

challenge only "if the joinder resulted in an unfair trial. There is no prejudicial constitutional

violation unless 'simultaneous trial of more than one offense . . . actually render[ed] petitioner's

state trial fundamentally unfair and hence, violative of due process.'" *Sandoval*, 241 F.3d at 771–

72 (quoting *Featherstone*, 948 F.2d at 1503) (omissions and modifications in original). The

requisite level of prejudice is reached only "if the impermissible joinder had a substantial and

injurious effect or influence in determining the jury's verdict." *Sandoval*, 241 F.3d at 772 (citing

*Bean,* 163 F.3d at 1086 (9th Cir.1998)). "In evaluating prejudice, the Ninth Circuit focuses

particularly on cross-admissibility of evidence and the danger of 'spillover' from one charge to

another, especially where one charge or set of charges is weaker than another." *Davis*, 384 F.3d

at 638 (citing Sandoval, 241 F.3d at 772).

Petitioner has not explicated the basis for his claim for habeas relief, and also failed to do

so when he presented the claim in the state courts. *See* Dkt. 7, Exhibit 13 at ECF page 273

("defendants must at least inform the court of the nature of the claimed error. Because Cardona-

Hernandez does not we do not consider his claim."). However, the statement of the case

contained that Petitioner presented in his opening brief on direct appeal indicate the failure to

sever counts did not result in an unfair trial. Petitioner was charged in five counts. Count 5

charged voyeurism based upon photos found on Petitioner's cellphone. *Id.* at Exhibit 2, ECF page

27. This count was severed from the other counts and Petitioner eventually pled guilty to the

offense. The other counts involved crimes committed in Seattle's University District. Count I

charged rape in the second degree of a University of Washington Student, S.M. committed in December 2014. Count 2 charged first degree burglary with sexual motivation based upon Petitioner's entry into S.M.'s home. Count 3 charged residential burglary with sexual motivation based upon Petitioner's entry into S.M.'s home on January 9, 2015. And Count 4 charged first degree burglary with sexual motivation occurring on January 15, 2015 for entry into a different woman's home in Seattle's University District. At trial, Petitioner asserted a consent defense as to the victim in Count 1 and argued a mistaken identity defense as to the other victims. *Id.* at 28.

Here, the evidence in counts 1-4 were cross-admissible. This much is evident in how the trial judge instructed the jury in instruction 5 that it could consider statements made by the various individuals for the purpose of establishing  knowledge, opportunity, and considering whether the defendant's alleged conduct is part of a common scheme or plan for each count, but for no other purpose. The ruling was supported by the fact the crimes all occurred in the University District and all involved break-ins into the homes of young women. The cross-admissibility of evidence cuts against a finding that Petitioner was denied a fair trial.

Here also the trial judge did not err in failing to sever counts because one count was so much stronger or weaker than another. Petitioner admitted he was the person involved in counts 1 and 2 but claimed the victim consented and there was no rape. Petitioner contested his identity in regard to the other counts, but this was not a case in which there was no evidence identifying Petitioner, as discussed above.

In sum, Petitioner has failed to establish the trial judge's denial of his motion to sever was contrary to, or an unreasonable application of clearly established federal law because (1) there is no clearly established Supreme Court precedent dictating when a state court must sever criminal

charges relating to separate incidents; and (2) he was not denied a fundamentally fair trial,

Accordingly, habeas relief is not warranted and the claim should be dismissed.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking relief under § 2254 may appeal a district court's dismissal of his

federal habeas petition only after obtaining a certificate of appealability (COA) from a district or

circuit judge. A certificate of appealability may issue only where a petitioner has made "a

substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

§ 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes

petitioner is not entitled to a certificate of appealability in this matter.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order; Petitioner shall not file a

notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge

enters a judgment in the case. Objections, limited to 10 pages may be filed and served upon all

parties by **March 8, 2021.**  The Clerk shall note the matter for **March 12, 2021**, as ready for the

District Judge's consideration if no objection is filed. If objections are filed, any response is due

within 14 days after being served with the objections. A party filing an objection must note the

matter for the Court's consideration 14 days from the date the objection is filed and served. The

matter will then be ready for the Court's consideration on the date the response is due. The

failure to timely object may affect the right to appeal.

DATED this 22nd day of February 2021.

REPORT AND RECOMMENDATION - 22

1

2

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23